**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BONNIE TANGRADI,

                Plaintiff,

vs.                                                       Case No.  8:11-cv-1796-T-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I.  Status**

Bonnie Tangradi ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "[b]ipolar, disassociative disorder, depression, [and] diabetic neu[r]opathy." Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed November 1, 2011, at 99. Plaintiff filed an application for DIB sometime in October 2006, Tr. at 53, alleging an onset date of October 13, 2005, Tr. at 99.[2] Plaintiff's application was denied initially, Tr. at 55-57, and was denied upon reconsideration, Tr. at 60-61.

On March 13, 2009, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 29-52. At the time of the hearing,

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 20), filed February 29, 2012; Reference Order (Doc. No. 21), entered February 29, 2012.

[2]     Plaintiff's application for DIB does not appear in the record. The application date and alleged onset date are not in dispute.

Plaintiff was fifty-four (54) years old. Tr. at 32. The ALJ issued a written Decision on October 21, 2009, finding Plaintiff not disabled through the date of the Decision. Tr. at 20-28. On June 10, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On August 11, 2011, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two (2) issues on appeal. First, Plaintiff generally argues that "[t]he ALJ relied on responses from a [VE] to an incomplete hypothetical." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 22; "Pl.'s Mem."), filed March 5, 2012, at 2. Second, Plaintiff asserts that "[t]he ALJ failed to fully develop the record as to whether the Plaintiff's past work was gainful, and therefore, past relevant work." Pl.'s Mem. at 2. Responding to the first issue, Defendant argues that "[t]he ALJ's hypothetical question to the [VE] included all the restrictions accepted as credible by the ALJ." Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem."), filed May 4, 2012, at 8. Addressing Plaintiff's second issue, Defendant contends that "[s]ubstantial evidence supports the ALJ's determination that Plaintiff's work as a private sitter[] is [ substantial gainful activity] and therefore qualifies as past relevant work." Def.'s Mem. at 4. After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be reversed and remanded for the reasons explained herein.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the sequential inquiry, but due to the ALJ's finding at step four, the ALJ did not proceed to step five.  See Tr. at 22-28.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 13, 2005, the alleged onset date."  Tr. at 22 (emphasis and citation omitted).  At step two, the ALJ found Plaintiff suffers from "the following severe impairments: gastric bypass; heart disorder; CVA; diabetes mellitus; blood disorder (anemia); cervical surgery 2006; arthralgias; [and] mood disorder."  Tr. at 22 (emphasis and citation omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments

---

[3]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 22 (emphasis and citation omitted).

The ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform as follows:

> [Plaintiff can perform] medium work with occasional climbing ramps, stairs, ladders, ropes and scaffolds and must avoid hazards such as machinery and heights. Mentally, she can understand and remember simple and low level detailed instructions, can attend to simple and detailed tasks, maintain attention and concentration for said tasks and complete a normal day/week despite some difficulty; can interact with the general public, accept instructions and/or criticisms from peers or authority figures and get along with same despite some difficulty; can ad[a]pt to gradual changes and set realistic self goals despite some difficulty.

Tr. at 23 (emphasis and citations omitted). At step four, the ALJ found Plaintiff "is capable of performing past relevant work" as a private sitter. Tr. at 27 (emphasis and citation omitted). Therefore, the ALJ concluded Plaintiff "has not been under a disability . . . from October 13, 2005 through the date of th[e D]ecision." Tr. at 28 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial

evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff raises two issues on appeal.  Each issue is addressed in turn.

### A. Hypothetical to VE

Plaintiff's first issue focuses on the ALJ's hypothetical posed to the VE.  See Pl.'s Mem. at 5-7.  Plaintiff contends the hypothetical was incomplete because the ALJ's "use of the term 'some difficulty' is so ambig[uo]us and vague that a [VE] would have to guess at the degree of difficulty the ALJ intended to assign to the Plaintiff's ability to function."  Pl.'s Mem. at 6.  Plaintiff also assigns error to the hypothetical because the ALJ did not explicitly describe Plaintiff's limitations; rather, the ALJ merely asked the VE, in part, to assume

Plaintiff's "'pain and impairments are as follows: physical consider 18F; mental consider 15 and 16F; and tell me if she can return to past work.'" Id. at 6 (quoting Tr. at 50-51).

During the hearing, the ALJ posed the following hypothetical to the VE: "[A]ssuming [ Plaintiff] is of the age, education, and work history as testified to, no transferrable skills, assume I find [ Plaintiff's] pain and impairments are as follows: physical consider 18F; mental consider 15 and 16F; and tell me if she can return to past work?" Tr. at 50-51. The VE responded that Plaintiff could return to her past work as a private sitter. Tr. at 51; see also Tr. at 50.

Exhibit 18F is a Physical Residual Functional Capacity Assessment completed by Marvin H. Cohn, M.D. ("Dr. Cohn") on June 26, 2007. Tr. at 611-18. Dr. Cohn opined as follows. Plaintiff can occasionally lift and/or carry fifty (50) pound and frequently lift and/or carry twenty-five (25) pounds. Tr. at 612. Plaintiff can stand and/or walk (with normal breaks) and sit (with normal breaks) about six (6) hours in an eight (8) hour workday. Tr. at 612. Plaintiff is unlimited in pushing and/or pulling including operation of hand and/or foot controls. Tr. at 612. Regarding postural limitations, Plaintiff can frequently climb ramps or stairs and occasionally climb ladders, ropes, and scaffolds. Tr. at 613. Plaintiff can frequently balance, stoop, kneel, crouch, and crawl. Tr. at 613. Plaintiff's only environmental limitation is that she must avoid concentrated exposure to hazards such as machinery and heights. Tr. at 615.

Exhibits 15F and 16F are a Psychiatric Review Technique ("PRT") and a Mental Residual Functional Capacity Assessment ("MRFC"), respectively. Tr. at 589-602, 603-05. Both forms were completed by P. Jeffrey Wright, Ph.D. ("Dr. Wright") on June 11, 2007. Tr.

at 589, 605. In a section entitled "12.08 Personality Disorders" in the PRT, Dr. Wright checked a box indicating that Plaintiff has "[i]nflexible and maladaptive personality traits which cause either significant impairment in social or occupational functioning or subjective distress, as evidenced by . . . [i]ntense and unstable interpersonal relationships and impulsive and damaging behavior." Tr. at 596. According to Dr. Wright, Plaintiff has mild restriction in activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in concentration, persistence, or pace; and no episodes of decompensation. Tr. at 599. Dr. Wright recognized that Plaintiff "has borderline personality [disorder] as [her] main mental health problem," and Plaintiff's activities of daily living "are primarily limited by physical pain." Tr. at 601 (capitalization omitted).

In the MRFC, Dr. Wright opined as follows. Plaintiff is not significantly limited in her understanding and memory. Tr. at 603. Plaintiff is moderately limited in the ability to maintain attention and concentration for extended periods, Tr. at 603; moderately limited in the ability to work in coordination with or proximity to others without being distracted by them, Tr. at 603; and moderately limited in the ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, Tr. at 604. Regarding social interaction, Plaintiff has moderate limitations in the following areas: the ability to interact appropriately with the general public, Tr. at 604; the ability to accept instructions and respond appropriately to criticism from supervisors, Tr. at 604; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, Tr. at 604; and the ability to maintain socially appropriate behavior and to adhere

to basic standards of neatness or cleanliness, Tr. at 604. In the area of adaptation, Plaintiff is moderately limited in the ability to respond appropriately to changes in the work setting and is moderately limited in the ability to set realistic goals or make plans independently of others. Tr. at 604.

Dr. Wright provided his conclusions in "narrative form" and stated as follows: Plaintiff "can understand and remember simple and low level detailed instructions"; Plaintiff "can attend to simple and detailed tasks, maintain attention and concentration for said tasks and complete a normal day/week despite some difficulty"; Plaintiff "can interact with the general public, accept instructions and or criticisms from peers or authority figures and get along with same despite some difficulty"; and Plaintiff "can adapt to gradual changes and set realistic self goals despite some difficulty." Tr. at 605.

The ALJ's mere instruction to the VE to "consider" certain exhibits, rather than translating the limitations found in those exhibits into specific work-related limitations, impedes judicial review. The Court cannot determine if the hypothetical is supported by substantial evidence because the ALJ failed to clearly delineate the limitations the VE was supposed to consider. Although the VE did not question the ALJ's hypothetical, and therefore it could be assumed that he understood the hypothetical, it cannot be determined whether there was a meeting of the minds between the ALJ and the VE as to the limitations.

The undersigned recognizes that Dr. Wright's <u>conclusions</u> regarding Plaintiff's <u>mental</u> limitations are identical to the ALJ's RFC in the written Decision; however, this still does not show that the VE considered the same limitations as the ALJ when opining that Plaintiff could return to her past work as a private sitter. <u>See</u> <u>Cunningham-King v. Astrue</u>, No. 09-

217-M, 2009 WL 5206451, at *2 (S.D. Ala. Dec. 28, 2009) (unpublished) (reversing and remanding because an ALJ's hypothetical "question only referenced [a physician's] ten-page report and did not specifically state the restrictions set out in the physician's report"–even though the RFC in the written decision included the physician's specific restrictions). Moreover, there are discrepancies between Dr. Cohn's opinion and the ALJ's ultimate RFC. For example, Dr. Cohn indicated that Plaintiff must avoid concentrated exposure to hazards, while the ALJ found Plaintiff must avoid hazards altogether. Compare Tr. at 615, with Tr. at 23. Additionally, Dr. Cohn opined that Plaintiff can frequently climb ramps and stairs, but the ALJ determined Plaintiff could occasionally climb ramps or stairs. Compare Tr. at 613, with Tr. at 23. Without any explanation, the undersigned cannot determine how or whether these discrepancies affected the VE's determination that Plaintiff could return to work as a private sitter.

The VE could have looked at the exhibits and drawn his own conclusions. The VE could have interpreted the ALJ's instruction as only requiring the VE to consider those portions of the exhibits that he believed were supported by other records. While it is quite possible that the ALJ and the VE considered the same limitations, it is also possible that they considered different limitations. These varying possibilities frustrate judicial review and preclude the undersigned from deciding whether the ALJ's Decision is supported by substantial evidence.[4] Accordingly, on remand, the ALJ shall pose a hypothetical to a VE that explicitly includes all of Plaintiff's impairments. See Humphries v. Barnhart, 183 F.

---

[4] The ALJ made an additional finding that "if [Plaintiff] had the [RFC] to perform the full range of medium work, a finding of 'not disabled' would be directed by Medical-Vocational Rule 203.22." Tr. at 27. It is curious as to why this finding was made after the ALJ determined that Plaintiff cannot perform the full range of medium work.

App'x 887, 891 (11th Cir. 2006) (unpublished) (quoting Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002)).

### B. Past Relevant Work as Substantial Gainful Activity

The second issue is, in general terms, whether the ALJ failed to fully develop the record regarding Plaintiff's past work as a private sitter. See Pl.'s Mem. at 7. Plaintiff concedes that in 2001, her average monthly earnings exceeded the guidelines–a concession with which Defendant agrees. See id. at 8; Def.'s Mem. at 5. Regardless, Plaintiff contends that the alleged lack of evidence in the administrative transcript regarding Plaintiff's earnings requires reversal. See Pl.'s Mem. at 8.

"Past relevant work is work that [a claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1) (citing 20 C.F.R. § 404.1565(a)). For work to be considered "substantial," it must "involve[] doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). To be "gainful," work must be done "for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). "In evaluating whether the claimant's past work is substantial gainful activity, the ALJ's primary consideration will be the earnings [the claimant] derive[d] from the work activity." McCrea v. Astrue, 407 F. App'x 394, 396 (11th Cir. 2011) (unpublished) (alternations in original) (internal quotations and citations omitted). The guidelines set out in the Regulations indicate that in 2001, to be considered gainful work, a claimant must have had averaged monthly earnings of approximately $740.65. See 65 Fed. Reg. 82905-01, 2000 WL 1878803, at 82906.

In her Decision, the ALJ found that Plaintiff's "work as a private sitter was performed over a number of years during the requisite time period, at or near substantial gainful activity level." Tr. at 27. Accordingly, concluded the ALJ, Plaintiff's work as a private sitter "meets the requirements for past relevant work." Tr. at 27. There are two records in the administrative transcript in addition to Plaintiff's testimony at the hearing that serve as support for this conclusion. First, Plaintiff's DIB Insured Status Report shows that in 2001, Plaintiff earned $10,667.75. Tr. at 93. Second, a Disability Report completed by Plaintiff indicates that she "ran [a] cash register" for one (1) month during 2001 and she sat with the elderly from 2000 to 2004. Tr. at 100. Plaintiff reported that both positions were performed eight (8) hours per day, five (5) days per week, and she earned $6 per hour at each position. Tr. at 100. At the hearing, Plaintiff answered affirmatively when asked if she was "ever paid in cash" when working with the elderly. Tr. at 47.

Plaintiff's concession that her earnings as a private sitter in 2001 exceeded the guidelines forecloses her argument. Even giving Plaintiff the benefit of the doubt that she only worked as a private sitter for eleven (11) months in 2001, her earnings in that year–as she reported them–still exceeded the guidelines. Plaintiff's attempt to show that evidentiary gaps exist in the record is unavailing, because no prejudice exists here. See Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (recognizing that to remand a case for the ALJ's failure to fully develop the record, there must be a showing that prejudice exists; prejudice may occur when the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence). Substantial evidence supports the

ALJ's finding that Plaintiff's past work as a private sitter met the requirements of substantial gainful activity, and the undersigned finds no error in this regard.

### V.  Conclusion

After a thorough review of the record, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A)  Pose a hypothetical to a VE that expressly includes all of Plaintiff's impairments; and
>
> (B)  Take such other action as may be necessary to resolve this claim properly.

2.  The Clerk is further directed to close the file.

3.  In the event benefits are awarded on remand, Plaintiff's counsel be permitted thirty (30) days from receiving notice of the amount of past-due benefits to seek the Court's approval of attorney's fees pursuant to 42 U.S.C. § 406(b).  See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida on September 16, 2012.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:
Counsel of record